1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  ERIN SULLIVAN, State Bar No. 242757
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5716
     Fax: (415) 703-5843
8    Email: Erin.Sullivan@doj.ca.gov

9  Attorneys for Defendants G. Stewart, K. Brandon, and
   R. Horel

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JONES,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HOREL, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. _____<br><br>(Del Norte Superior Court Case No. CVUJ 06-1359)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION THAT THE COURT SCREEN PLAINTIFF'S AMENDED COMPLAINT UNDER 28 U.S.C. § 1915A; WAIVER OF REPLY UNDER 42 U.S.C. § 1997(e)(g)** |

TO PLAINTIFF PAUL JONES in PRO SE:

　　PLEASE TAKE NOTICE that Defendants R. Horel, G. Stewart, and K. Brandon (Defendants) request that this Court screen Plaintiff's Second Amended Complaint/Amended Supplemental Complaint (Amended Complaint) under 28 U.S.C. § 1915A, and Defendants waive their right to reply to the Amended Complaint under 42 U.S.C. § 1997e(g).

///

**A.  Background.**

Defendants removed this case from the Superior Court of California, Del Norte County, to this Court, under 28 U.S.C. § 1441(b) on August 26, 2008. Defendants must respond to Plaintiff's Amended Complaint within five days of filing the notice of removal. Fed. R. Civ. P. 81(c)(2). Defendants waive their right to reply, however, so that the Court may screen the Amended Complaint under 28 U.S.C. § 1915A.

**B.  Defendants Request that the Court Screen Plaintiff's Amended Complaint Under 28 U.S.C. § 1915A.**

Under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon such review, the Court shall identify cognizable claims or dismiss any or all portions of the complaint if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

This case was brought by a Pelican Bay State Prison inmate currently housed in the custody and control of the California Department of Corrections and Rehabilitation (CDCR). Defendants are employees of the CDCR. Accordingly, Defendants request that the Court screen Plaintiff's Amended Complaint and dismiss those claims, if any, that warrant dismissal.

**C.  Defendants Waive Their Right to Reply to Plaintiff's Amended Complaint.**

Defendants waive their right to reply to Plaintiff's Amended Complaint. Under 42 U.S.C. § 1997e(g), "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under. . . Federal law. Notwithstanding any other law or rule of procedure, such a waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed." However, "the Court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." 42 U.S.C. § 1997e(g)(2).

Assuming that the Court does not dismiss the Amended Complaint in its entirety,

Defs.' Not. Mot. & Mot. Screen Am. Compl. & Waiver Reply      P. Jones v. Horel, et al.
Case No. _____

2

1  Defendants request that the Court allow sixty days from the date of the Court's order for
2  Defendants to file a responsive pleading. If additional defendants are ordered to be served,
3  Defendants respectfully request that, in the interest of judicial efficiency and the efficiency of the
4  parties, the Court set one responsive pleading deadline date sixty days after the final defendant
5  has been served.

### D. Conclusion

Defendants respectfully request that the Court screen Plaintiff's Amended Complaint under 28 U.S.C. § 1915A. Furthermore, to allow the Court sufficient time to complete a screening, Defendants waive their right to reply to Plaintiff's Amended Complaint under 42 U.S.C. § 1997e(g).

Dated: August 26, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

*Erin Sullivan*

ERIN SULLIVAN
Deputy Attorney General
Attorneys for Defendants G. Stewart, K. Brandon, and R. Horel

20131391.wpd
SF2008200411

Defs.' Not. Mot. & Mot. Screen Am. Compl. & Waiver Reply

P. Jones v. Horel, et al.
Case No. _____

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **P. Jones v. Horel, et al.**

No.:
(Del Norte Superior Court Case No. CVUJ 06-1359)

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **August 26, 2008**, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION THAT THE COURT SCREEN PLAINTIFF'S AMENDED COMPLAINT UNDER 28 U.S.C. § 1915A; WAIVER OF REPLY UNDER 42 U.S.C. § 1997(e)(g)**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Paul Jones, B-26077**
**Pelican Bay State Prison**
**P.O. Box 7000**
**Crescent City, CA 95531-7000**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 26, 2008**, at San Francisco, California.

J. Palomino
Declarant

*/s/ J. Palomino*
Signature

20135991.wpd