UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SANGU JONES, | No. C 08-4077 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| ROBERT HOREL; et al., | |
| Defendants. | |

## INTRODUCTION

Paul Sangu Jones, an inmate at Pelican Bay State Prison, filed a pro se civil rights action in the Del Norte County Superior Court concerning conditions at that prison. Defendants removed the action to federal court because it presented a federal question based on the federal constitutional claims asserted by plaintiff. Once the action was removed to federal court, plaintiff filed an Amended/Supplemental Complaint. The action is now before the court for initial review of the Amended/Supplemental Complaint pursuant to 28 U.S.C. §1915A and for consideration of miscellaneous motions.

## DISCUSSION

A.  Review Of Amended/Supplemental Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See

28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

Federal Rule of Civil Procedure 8(a) requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."   A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a).  Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).   At the other end of the spectrum, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct," and also may be the basis for dismissal.  McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

The Amended/Supplemental Complaint ("amended complaint") filed on November 17, 2008 (docket # 8) superseded the earlier pleadings and concerns a variety of problems at Pelican Bay.  The amended complaint has several deficiencies that make it necessary for plaintiff to file a second amended complaint that is shorter and more focused.

First, the amended complaint has numerous allegations concerning problems encountered by other prisoners.  Plaintiff has no standing to complain about problems experienced by other inmates.  Also, as a pro se plaintiff, he cannot bring a class action concerning prison conditions.  See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself").  His amended complaint also refers to "plaintiff et al." throughout the document in a manner that makes it uncertain whether the allegations refer to plaintiff or someone else or both plaintiff and other people.  See, e.g., amended complaint, pp. 14, 16.  Compounding this problem is the long generalized discussion of prison problems that is difficult at times to connect to his

legal claims. See, e.g., id. at 3-13. In his second amended complaint, plaintiff may complain only about violations of his rights. He should omit allegations about problems other inmates have encountered as they are generally irrelevant and make the pleading needlessly long.

Second, plaintiff needs to link defendants to particular claims in his second amended complaint. As to each claim, he must be careful to allege facts showing the basis for liability for each individual defendant he proposes to hold liable on that claim. He should not refer to them as a group, i.e., "the defendants" or "staff;" rather, he should identify each involved defendant by name and link each of them to his claims by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Third, if plaintiff wants to rely on exhibits, he may do so but he must clearly identify the particular exhibit to which he is referring. The Amended/Supplemental Complaint refers the reader to the "attachments" for a "secret" report, see amended complaint p. 7, but there are hundreds of pages of attachments to that pleading. In his second amended complaint, he could, for example, put consecutive page numbers on the exhibits he attaches to it and refer to those page numbers to identify the particular portion of the exhibits to which he refers. The court will not read through the voluminous exhibits to piece together claims or to figure out what exhibit plaintiff is referring to in his pleading when he could easily identify it this way.

Fourth, plaintiff mentions retaliation in his amended complaint. If he wishes to assert a retaliation claim, he must allege the necessary elements. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Fifth, some of the claims may be time-barred. For example, the amended complaint (at page 11) discusses events in 1997 and earlier (although it is not clear whether plaintiff

3

intends to assert a claim based on those events).  Section 1983 does not contain its own limitations period, so the court looks to the limitations period of the forum state's statute of limitations for personal injury torts.  See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994).  A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999); Elliott, 25 F.3d at 802.  Since January 1, 2003, the statute of limitations in California for § 1983 claims has been two years.  See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004), cert. denied, 544 U.S. 968 (2005); former Cal. Civ. Proc. Code § 340(3) (one-year general residual statute of limitations for personal injury actions); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period); see Elliott, 25 F.3d at 802.  Incarceration of the plaintiff is a disability that may toll the statute for a maximum of two years, but only as to claims for damages.  See Cal. Civ. Proc. Code § 352.1.  In his second amended complaint, plaintiff must limit his claims to problems that occurred within four years of the filing of this action, or allege facts showing why older claims are not time-barred.

Finally, plaintiff must limit his writing to one side of each page and must not put more than 28 lines of text on each page.  See N. D. Cal. Local Rule 3-4(c).

B.  Motions

Defendants' motion for the court to screen the pleading in this action is GRANTED.  (Docket # 3.)  This order does the screening contemplated in 28 U.S.C. § 1915A following the removal of the action to federal court.  Plaintiff opposed the removal of this action, but as long as there is a federal question presented and defendants act in a timely manner, defendants have a right to remove an action to federal court without a plaintiff's consent.  Here, removal was proper because the amended complaint presented a federal question.  See. e.g., amended complaint, p. 15 (alleging cause of action for violation of First Amendment right to petition government).

Plaintiff filed a motion for a temporary restraining order and preliminary injunction apparently seeking the return or delivery to the court of some documents that may have been

4

confiscated or may be confiscated in the future – it isn't clear from the motion exactly what is requested and why it is needed. The motion is premature because the court has not yet found that plaintiff has pled a cognizable claim for relief. Without a pleading that states a claim for relief to frame the issues, the court cannot determine whether the requested TRO pertains to the issues as framed by the complaint, whether the TRO is sought against persons who are defendants, and whether there is a likelihood of success on the merits of the complaint so that injunctive relief might be appropriate. See Kaimowitz v. Orlando, Fl., 122 F.3d 41, 43 (11th Cir. 1997), cert. denied, 523 U.S. 1138 (1998) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit"); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). The court will not entertain a motion for a TRO/preliminary injunction unless the court has first determined that plaintiff has a pleading on file that states a claim for relief. The motion for a TRO/preliminary injunction is denied. (Docket # 10.)

Plaintiff's motion to file documents under seal is DENIED. There is no need to seal documents that are already known to the defendants, as plaintiff's documents apparently are. For example, plaintiff wants to seal prison records that prison staff doubtless have seen and the amended/supplemental complaint which he already mailed to defense counsel. The clerk shall return the documents received on December 8, 2008 to plaintiff unfiled. See N.D. Cal. Local Rule 79-5(e).

**CONCLUSION**

The amended complaint is DISMISSED with leave to amend. The second amended complaint must be filed no later than **February 27, 2009**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his second amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in

5

the original complaint which are not alleged in the amended complaint.")  Failure to file the second amended complaint by the deadline will result in dismissal of this action.

     Defendants' motion to screen the complaint is GRANTED.  (Docket # 3.)  Plaintiff's motion for a preliminary injunction is DENIED.  (Docket # 10.)   Plaintiff's motion for leave to proceed in forma pauperis is DISMISSED as unnecessary because a plaintiff does not owe a filing fee on an action defendants have removed from state court.  (Docket # 5.)

     IT IS SO ORDERED.

Dated: January 20, 2009

                                    Marilyn Hall Patel
                                    United States District Judge