UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL SANGU JONES,                                     No. C 08-4077 MHP (pr)

        Plaintiff,                                     **ORDER OF DISMISSAL**

    v.

ROBERT HOREL; et al.,

        Defendants.
                                            /

       Plaintiff's third amended complaint is now before the court for review. A threshold problem with the pleading is the very small print and single-spacing. The court must decide what to do with a plaintiff who refuses to comply with a simple order regarding formatting of his pleading.

       The local rule on document text provides: "Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations." N. D. Cal. Local Rule 3-4(c)(2).

       The first pleading the court reviewed from plaintiff was his amended/supplemental complaint – a 58-page pleading with many pages of single-spaced cramped handwriting. (Docket # 6.) The court dismissed it with leave to amend to cure many deficiencies in it. After discussing five other deficiencies, the court ordered: "Finally, plaintiff must limit his writing to one side of each page and must not put more than 28 lines of text on each page. See N. D. Cal. Local Rule 3-4(c)." Order Of Dismissal With Leave To Amend, p. 4 (Docket # 12.)

1	The second pleading the court reviewed was plaintiff's second amended complaint – a
2  47-page pleading with many pages of single-spaced cramped handwriting.  (Docket # 18.)
3  There is no indication that plaintiff made any effort to comply with the order to put no more
4  than 28 lines of text on each page.  The court dismissed the second amended complaint with
5  leave to amend to cure several deficiencies, noting that plaintiff's compliance with the court's
6  directions in the earlier order of dismissal with leave to amend had been a "hit-and-miss
7  affair."  The court wrote that plaintiff "must comply with all the directions in the January 29,
8  2009 order of dismissal with leave to amend, including especially the one that he was not to
9  write more than 28 lines of text per page."  Order Of Dismissal With Further Leave To
10 Amend at 3-4.  Plaintiff was cautioned that "[f]ailure to file the third amended complaint that
11 complies with these directions by the deadline will result in the dismissal of this action."  Id
12 at 8.
13	The 35-page third amended complaint was filed in response to that order.  (Docket #
14 29.)  The third amended complaint, like the earlier pleadings, has many pages of single-
15 spaced and condensed handwriting.  Plaintiff did not comply with the court's two earlier
16 explicit directions to write no more than 28 lines per page.  Plaintiff is able to comply with
17 the court's order to write no more than 28 lines per page (as evidenced by, for example, pages
18 7 and 10 of the third amended complaint), but apparently chooses not to do so with any
19 regularity (as evidenced by the single-spaced cramped handwriting on pages 1, 2, 4, 5, 8, 9,
20 12, 14, 21-26, 29, and 31-34 of the third amended complaint).  The problem is not that the
21 documents are handwritten, as the court routinely reads handwritten filings from prisoners.
22 Instead, it is the cramped single-spaced text in plaintiff's pleadings that is exceedingly
23 difficult to read when one must read dozens of pages of it, as one must to get through his
24 pleadings.
25	Failure to follow a district court's local rules is a proper ground for dismissal.  Ghazali
26 v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); United States v. Warren, 601 F.2d 471, 474 (9th
27 Cir. 1979).  Before dismissing an action, however, the court must weigh several factors: "(1)
28 the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

2

1 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition
2 of cases on their merits; and (5) the availability of less drastic sanctions." Ghazali, 46 F.3d at
3 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The fact that
4 pro se litigants are entitled to have their pleadings liberally construed does not alter this, as
5 they too are bound by the rules of procedure.  Id. at 54 (affirming dismissal of pro se action
6 for failure to follow local rules).

       The court has weighed the several factors and concludes that dismissal without prejudice is the appropriate remedy here.  The public policy favoring disposition of cases on their merits weighs in favor of overlooking the problem, but all the other factors weigh against doing that and counsel in favor of dismissal.  In an occupation where reading time is measured in hours (rather than minutes) per workday, reading dozens of pages of single-spaced small print exacts a toll.  The public's interest in expeditious resolution of litigation and the court's need to manage its docket are ill-served when judicial resources are needlessly consumed when the court must struggle to read plaintiff's single-spaced cramped handwriting when plaintiff could take the very simple step of putting fewer lines of text on each page.  There do not appear less drastic sanctions that would be effective.  Striking the offending pages would leave a nonsensical document.  Requiring further amendment would not suffice.  The court has twice ordered plaintiff to file a pleading that has no more than 28 lines of text per page, and he has failed to comply with those orders (as well as the local rule).  There is no reason to expect that a third order would produce a different result from plaintiff.  Finally, there is no reason to expect that, even if the pleading were corrected, the problem would not be repeated with all future filings in this action, such as motions and oppositions.

       For the foregoing reasons, the third amended complaint is dismissed for failure to comply with the court's orders and Local Rule 3-4(c).  The clerk shall close the file.

       IT IS SO ORDERED.

Dated: March 28, 2011                            _____
                                                          Marilyn Hall Patel

**United States District Court**
For the Northern District of California

United States District Judge